Vandyke Johnson
Plaintiff Pro-Se
1253 Leland Avenue
Apt 1C
Bronx, New York 10472
(347) 714-1572
teknoman24@gmail.com

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2012 OCT 10 PM 3 50

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VANDYKE JOHNSON,<br><br>　　　　　　　Plaintiff<br><br>　　　　-vs-<br><br>CITY OF UNION CITY;<br>UNION CITY POLICE DEPARTMENT<br>OF NEW JERSEY; POLICE OFFICER<br>JOHN HUGHES BADGE # 190;<br>POLICE OFFICER OCTOVIO OROZCO;<br>SERGEANT GLENN GASTON BADGE<br># 257 | **Civil Case No.:**<br>**2:12-CV-01042 (SRC) (CLW)**<br><br>**FIRST AMENDED CIVIL RIGHTS**<br>**COMPLAINT PURSUANT TO**<br>**42 U.S.C. § 1983**<br><br>**COMPLAINT AND DEMAND**<br>**FOR TRIAL BY JURY** |

　　　The Plaintiff, Vandyke Johnson, residing in the State of New York, at 1253 Leland Avenue, Apt 1C, Bronx, New York, say by way of the Plaintiff's first amended complaint:

## JURISDICTION AND VENUE

1. This is a Civil Rights action seeking damages against Defendant(s) for committing acts, under color of law, which deprived the Plaintiff's rights secured under the Constitution and the laws of the State of New Jersey and the United States. The Court have jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, § 1343(3) and the

1

federal statutory and constitutional provisions. The Court have supplemental jurisdictions over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

### PLAINTIFF

3. The Plaintiff, VANDYKE JOHNSON, is a citizen of the United States and resides in the State of New York. The place of residence of the Plaintiff is 1253 Leland Avenue, Bronx, New York 10472 Apt 1C.

### DEFENDANTS

4. The Defendant(s) City of Union City (herein "Union City") is a municipal corporation existing under the laws of the State of New Jersey and maintaining its principal place of business at 3715 Palisade Avenue, County of Hudson, in the state of New Jersey.

5. The Defendant(s), Police Officer John Hughes, Badge #190, at relevant times, employed by Defendant Union City.

6. The Defendant(s), Police Officer Ocotvio Orozco, at relevant times, employed by Defendant Union City.

7. The Defendant(s), Sergeant Glenn Gaston, Badge #257, at relevant times, employed by Defendant Union City.

8. Plaintiff sues each and all Defendants (except for Union City) in both their individual and official capacities.

9. At all times material to this Amended Complaint, Defendant John Hughes, acted under color of statutes, customs, ordinances, and use of the State of New Jersey, the City of Union City, and the Union City Police Department.

10. At all times material to this Amended Complaint, Defendant Octovio Orozco, acted under color of statutes, customs, ordinances, and use of the State of New Jersey, the City of Union City, and the Union City Police Department.

11. At all times material to this Amended Complaint, Defendant Glenn Gaston, acted under color of statutes, customs, ordinances, and use of the State of New Jersey, the City of Union City, and the Union City Police Department.

## STATEMENT OF FACTS

12. First Defendant:      John Hughes, Badge # 190

    Occupation:            Police Officer of Union City, New Jersey

    How was he involved: On February 27, 2011, Officer Hughes was one of 2 officers that arrived at 1810 West Street, Apt 2, at the residence of Vandyke and Alexandra Marte Peralta-Johnson. Upon the scene, Officer John Hughes and his partner at the scene, Officer Octovio Orozco, did see bite marks on the Plaintiff committed by Alexandra Marte Peralta-Johnson. Plaintiff informed Officer Hughes and Officer Orozco that Alexandra Marte Peralta-Johnson hit the Plaintiff with a blackberry cell phone that caused swelling to the Plaintiff's face and causing the cellphone to be damaged in the process, and the Plaintiff showed Officer Hughes and Officer Orozco the bite marks of the Plaintiff's fingers and hands, causing breakage and bleeding of the skin, that were caused by Alexandra Marte Peralta-Johnson. Officer Hughes and Officer Orozco did not ask the Plaintiff if medical attention was required. Officer Hughes did not tell the

Plaintiff he was under arrest. Officer Hughes placed handcuffs onto the Plaintiff, though not informing the Plaintiff he was under arrest, and then placed the Plaintiff in back of the police car handcuffed and forced out of his own home. Officer Hughes drove the Plaintiff to Union City Police Station, while his partner, Officer Octovio Orozco, drove Alexandra Marte Peralta-Johnson to the Union City Police Station, handcuffed as well. Both Officer Hughes and Officer Orozco were instructed by Sergeant Glenn Gaston, Badge #257, working the morning shift of the 27th day of February 2011, to arrest the Plaintiff for Simple Assault, though the Plaintiff did not commit any Assault. Plaintiff is accusing Officer John Hughes, Badge #190, for violating the Plaintiff's 4th, 5th, and 14th Amendment rights that is secured by the Constitution and under the color of New Jersey State Law. Plaintiff had a bail of $250.

13. Second Defendant:    Police Officer Octovio Orozco

    Occupation:          Police Officer of Union City New Jersey

    How was he involved: On February 27, 2011, Police Officer, Octovio Orozco, was a police officer of Union City, working the same morning shift at the time of the false arrest with Officer John Hughes, which was on or about 10A.M. Police Officer Octovio Orozco was dressed in uniform and arrived at the scene with Police Officer John Hughes. Officer Octovio Orozco accompanies Officer John Hughes to the address of 1810 West Street, Apt 2, at the residence of Vandyke and Alexandra Marte Peralta Johnson. Officer Orozco sees injures and bite marks of the Plaintiff, Vandyke Johnson, but did not ask the Plaintiff if he requires immediate medical attention. Officer Orozco handcuffs Alexandra Marte Peralta-Johnson, the wife of the Plaintiff, and places the wife in back of squad car. Officer Orozco and Officer Hughes release Alexandra Marte Peralta-Johnson after they

4

were instructed by their superior, Sergeant Glenn Gaston, Badge # 257, working the morning shift on the 27th day of February 2011, to arrest the Plaintiff for Simple Assault, though the Plaintiff did not commit any Assault. The Plaintiff is accusing Officer Octovio Orozco for violating the Plaintiff's 4th, 5th, and 14th Amendment rights that is secured by the United States Constitution and under the color of New Jersey State Law.

14. Third Defendant:      Sergeant Glenn Gaston, Badge No, 257

    Occupation:           Police Sergeant and Superior Officer at Union City Police Dept.

    How was he involved: On the 27th day of February 2011, Sergeant Glenn Gaston, working the morning shift of the day mentioned before, was the superior officer on duty that day to both Officer John Hughes and Officer Octovio Orozco, both Defendant(s), of the Union City Police Department. Sergeant Glenn Gaston, yelled instructions to the named Defendant Officers, in front of the Plaintiff, that Officer Hughes and Officer Orozco "had to pick an actor and a victim". Sergeant Glenn Gaston then summons both Officer Hughes and Officer Orozco to the side and close the door to try to prevent the Plaintiff from overhearing the conversation amongst Sergeant Glenn Gaston, Officer Hughes, and Officer Orozco. The Plaintiff was able to overhear the conversation and heard Sergeant Glenn Gaston voice. Sergeant Glenn Gaston stated to both Officer Hughes and Officer Orozco, and from specific memory, Sergeant Glenn Gaston said: "we are reluctant to lock up women (for committing domestic abuse)". Sergeant Glenn Gaston, along with Officer Hughes and Officer Orozco, emerges from the closed door. Sergeant Glenn Gaston stated to the Plaintiff from specific memory, said: "I know you hit her just be a man and said that you were upset and hit her in the face but I can see a knot on her head". Plaintiff then told Sergeant Glenn Gaston that he is fabricating evidence to

make a case against the Plaintiff. Plaintiff then shows Sergeant Glenn Gaston the bite marks that were still bleeding at the time and injuries that were caused by the Plaintiff's wife, Alexandra Marte Peralta-Johnson. Sergeant Glenn Gaston ignores the injuries of the Plaintiff, and ultimately ignores the Plaintiff in total. The Plaintiff is accusing Sergeant Glenn Gaston, for violating the Plaintiff's 4th, 5th, and 14th Amendment Rights that is secured by the United States Constitution and under the color of New Jersey State Law.

15. Fourth Defendant: Union City Police Department

    Occupation: Maintaining the Public Safety of Union City New Jersey

    How were they involved: The Union City Police Department of New Jersey is in charge of the welfare and the public safety of citizens residing in Union City, New Jersey. The Union City Police Department provides training for Police Officers employed by Union City, NJ, education as in terms of sensitive training, community affairs, and domestic violence training, etc.,; The Union City Police Department is a policy maker that regulates the behavior of Police Officers affiliated with Union City, that hired the named Defendants and servants and/or employees, in hiring and retaining a person or persons, who was/are unfit to serve as a police officer. The Plaintiff is accusing the Union City Police Department for failing to exercise reasonable precautions in employing a police officer involved in the arrest and/or prosecution and/or detention of the Plaintiff.

16. Fifth Defendant: City of Union City New Jersey

    Occupation: Maintaining the well-being, safety, stability of the citizens residing in Union City New Jersey.

    How were they involved: The City of Union City New Jersey employs the Union City Police Department to maintain public order as well as the safety of the citizens residing

or visitors in Union City New Jersey. As a policy maker, Union City was negligence, its agents, servants, and/or employees in hiring and retaining a person or person(s), who was unfit to serve as a police officer. The Plaintiff is accusing the City of Union City and the Union City Police Department, their agents, servants, and/or employees in failing in its instruction of police officers, by not training and instructing as to proper methods of investigating, and appropriate procedures investigating crimes and/or domestic violence incidents and proper medical procedure when a person is in custody of the Union City Police Department. Union City of New Jersey allows the Union City Police Department to create their own policy in terms of false arrest of the Plaintiff. Union City of New Jersey allows the Union City Police Department to fabricate evidence against the Plaintiff, to make gender discrimination against the Plaintiff and to falsely arrest, wrongfully imprisoned, and wrongfully prosecute the Plaintiff. Union City of New Jersey allows the Union City Police Department to maliciously prosecute the Plaintiff while the Union City Police Department knows there was never a case to prosecute against the Plaintiff. The Plaintiff is accusing the City of Union City New Jersey of negligence.

17. There was no probable cause for the Defendants to effectuate a lawful arrest and detention of the Plaintiff or any reasonable basis for the charge filed against the Plaintiff and to be legally thrown out of the Plaintiff's own home. The Plaintiff was incarcerated, released on bailed, was required to attend court appearances and to expend money to retain counsel for the Plaintiff to defend himself against the unfounded charge of Simple Assault. The Assault charge was dismissed by the Family Court Judge on March 9, 2011 based on a preponderance of evidence standard and the Simple Assault charge was dismissed by the Municipal Court Judge of Union City New Jersey on the 10th day of

May 2011. The Plaintiff filed a timely NOTICE OF CLAIM against the named Defendants after the termination of the criminal case in the Plaintiff's favor, on the 24th day of May 2011.

18. The Plaintiff went to Christ Hospital, located in Jersey City, on the 2nd day of March 2011, after being released on bail. The reason why the Plaintiff went on his accord to the hospital is because the Union City Police Departments and its Officers denied the Plaintiff medical attention. Hudson County Correctional Facility, where the Plaintiff was being detained, documented the Plaintiff's injuries and bite marks but did not give the Plaintiff the proper required medical attention needed. The Plaintiff's brother, John Johnson, posted bail for the Plaintiff on the 1st day of March 2011 and the Plaintiff was released very late in the evening, close to midnight, in order for the Plaintiff to receive the required medical attention that were ignored by the Union City Police Department and their Officers.

19. As a result of the foregoing, Plaintiff suffered emotional distress, embarrassment and humiliation, economic loss, pain and suffering, deprivation of immediate medical attention, deprivation of liberty, property, violation of constitutional rights and other damages.

## COUNT ONE
### (Deprivation of Rights under the Fourth Amendment – Unlawful Seizure)

20. Plaintiff repeats each and every allegation of paragraphs 1 through 14 as it set forth at length herein.

21. There was no probable cause for the Defendant(s) to arrest without a warrant and the Defendants conduct was objectively unreasonable in violation of the Plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments.

22. As a result of the aforesaid conduct of the Defendant(s), Plaintiff constitutional right to be free for unlawful seizure was violated.

## COUNT TWO
### (Deprivation of Rights under the Fourth and Fifth Amendment-Due Process)

23. Plaintiff repeats each and every allegation of paragraphs 1 through 15 as if set forth at length herein.

24. The Defendant(s) conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to by the 4th, 5th and 14th Amendment. The actions by the Defendant(s) deprived the Plaintiff of substantive and procedural due process in violation of the Plaintiff's constitutional rights under the 4th, 5th, and 14th Amendments.

25. As a result of the foregoing, Plaintiff was deprived of the liberty and right to procedural and substantive due process, causing severe and permanent injuries.

## COUNT THREE
### (Failure to Intervene)

26. Plaintiff repeats each and every allegations of paragraphs 1 through 25 as if set forth at length herein.

27. Defendants had an affirmative duty to intervene on behalf of the Plaintiff, whose constitutional rights were being violated by Union City Police Officers.

28. Defendants failed to intervene to prevent the unlawful conduct described herein.

29. As a result of the foregoing, Plaintiff liberties was and still being restricted for an extended period of time, suffered emotional injury, loss of consortium, was put in fear of the Plaintiff's safety, was humiliated and was subjected to violation of the Plaintiff's state and federal rights.

## COUNT FOUR
### (Deprivation of Property)

30. Plaintiff repeats each and every allegations of paragraphs 1 through 29 as if set forth and length herein.

31. The Defendant(s) intentionally, negligently, and/or destroyed and/or damaged Plaintiff's property and liberty interest as set forth above and by denying the Plaintiff access to his own residence, damaging the Plaintiff's reputation, and by depriving the Plaintiff of his right under the 5th Amendment and under the New Jersey State Constitution.

## COUNT FIVE
### (*Monell*/Municipal Liability)

32. Plaintiff repeats each and every allegation of paragraphs 1 through 31 as if set forth and length herein.

33. Defendants collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipal/authority, which is forbidden by the United States Constitution.

34. The aforementioned customs, policies, practices, procedures, and rules of the Union City Police Department and the City of Union City included, but were not limited to, denying immediate medical care, trying to manipulate the Plaintiff into making a false statement of domestic violence, and then fabricating charges in an effort to convict such individual. In addition, the City of Union City and Union City Police Department engaged in a policy, custom, or practice of inadequate screening, hiring, retaining, training, and supervising its employees, which was, the moving force behind the violation of Plaintiff's constitutional and state rights as described herein. As a result of the failure of the City of Union City and the Union City Police Department to properly recruit, screen, train,

discipline, and supervise its officers, including the individual defendants, the City of Union City and the Union City Police Department has tacitly authorized, ratified, and has been deliberately indifferent to the acts and conduct complained of herein.

35. The foregoing customs, policies, usages, practices, procedures, and rules constituted deliberate indifference to the safety, well-being, and constitutional rights of the Plaintiff, and were the direct and proximate cause and the moving force of the constitutional violations suffered by the Plaintiff as alleged herein.

36. Defendants, collectively and individually, were directly and actively involved in violating the Plaintiff federal and state constitutional rights.

## COUNT SIX
### (Deliberate Indifference)

37. Plaintiff repeats each and every allegation of paragraphs 1 through 36 as if set forth at length herein.

38. Defendants, collectively and individually, while acting under color of state law, intentionally, or with deliberate indifference and callous disregard of the rights of the Plaintiff, fabricated evidence against the Plaintiff and deprived the Plaintiff of adequate medical attention and his liberty in violation of the Plaintiff state and federal constitutional rights and 42 U.S.C. § 1983.

## COUNT SEVEN
### (Conspiracy under 42 U.S.C. § 1985)

39. Plaintiff repeats each and every allegation of paragraphs 1 through 38 as if set forth at length herein.

40. The individual defendants conspired to deprive Plaintiff of his rights as set forth above and, as a result, caused injuries to the Plaintiff.

## COUNT EIGHT
### (State Law Claim for Abuse of Process/Malicious Prosecution)

41. Plaintiff repeats each and every allegation of paragraphs 1 through 40 as if set forth at length herein.

42. The Defendants made and signed a complaint falsely accusing the Plaintiff of having committed a domestic violence crime as set forth above and causing the Plaintiff to be arrested and prosecuted.

43. All charges contained in the complaint were dismissed by a preponderance of evidence standard in family court and dismissed by the Prosecutor in criminal court.

44. The prosecution were committed and instituted by the Defendants without basis, probable cause, and were done maliciously and with intent to harm the Plaintiff.

45. As a result of the abuse of process and/or malicious prosecution by the Defendants, the Plaintiff was injured and suffered in his reputation and was otherwise damaged.

## COUNT NINE
### (State Law Claim for Wrongful Arrest/False Imprisonment)

46. Plaintiff repeats each and every allegation of paragraphs 1 through 45 as if set forth at length herein.

47. As a direct and proximate result of the actions of the Defendants, Plaintiff was wrongfully arrested, falsely imprisoned, unlawfully charge with a domestic violence and criminal charge, and was subject to permanent emotional distress and was otherwise greatly damaged.

## COUNT TEN
### (Ordinary Negligence)

48. Plaintiff repeats each and every allegation of paragraphs 1 through 47 as if set forth at length herein.

49. During relevant times, Officer Hughes, Officer Orozco, and Sergeant Glenn Gaston were police officers at Union City Police Department in the City of Union City.

50. As police officers, Officer Hughes, Officer Orozco, and Sergeant Glenn Gaston owed the Plaintiff a duty of care to carry out their responsibilities by exercising the degree of care, skill and diligence that ordinarily prudent persons in like positions would use under similar circumstances. This duty of care, included, but was not limited to, the matters set forth in the aforementioned allegations above.

51. Officer Hughes, Officer Orozco, and Sergeant Glenn Gaston breached their duties and were negligent by among other things, the acts, errors, and omissions set forth in the aforementioned allegations above.

52. As a direct and proximate result of Defendants negligence, the Plaintiff, as a victim of domestic violence, suffered damages in an amount to be proven at trial.

## COUNT ELEVEN
### (Violation of Civil Rights under N.J.S.A. 10:6-2)

53. Plaintiff repeats each and every allegation of paragraph 1 through 52 as if set forth at length herein.

54. As a direct and proximate result of the unlawful, willful, and malicious conduct of the Defendants, the Plaintiff was deprived of rights, privileges, and immunities secured by the United States Constitution, or any substantive rights, privileges, or immunities, secured by the United States Constitution and the New Jersey State Constitution, or whose exercise or enjoyment of those substantive right, privileges, or immunities has been interfered with or attempted to be interfered with, by threats, intimidation, or coercion by a person acting under color of law, in violation of **N.J.S.A. 10:6-2**.

55. The Plaintiff was deprived of his rights including but not limited to the right to be free from unreasonable searches and seizures as provided by the New Jersey State Constitution and the United States Constitution.

WHEREFORE, Plaintiff demands judgment against the Defendants the City of Union City, Union City Police Department, Officer John Hughes, Officer Octovio Orozco, and Sergeant Glenn Gaston, jointly, severally, and in the alternative, as follows:

A. For compensatory damages;

B. For punitive damages;

C. For declaratory and injunctive relief;

D. For such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury as to all counts of this Complaint.

## RELIEF

For the permanent damage to the Plaintiff's good name, shame, humiliation, indignity, loss of consortium, damage to the reputation and credit, loss of employment opportunities, medical injuries, mental anguish, emotional distress and suffering and other psychological and physical injuries, and involuntary incarceration for a period of approximately eight (8) days, the Plaintiff is seeking in the amount of twenty five (25) million dollars USD, in damages and constitutional violations that was committed by the Defendants.

**I declare under the penalty of perjury that the foregoing is true and correct.**

On this 10th day of October 2012

State of New York
County of New York
Sworn to before me this
10th day of OCT, 2012

_____
NOTARY PUBLIC

MARGARET A. SCHWARTZ
Notary Public, State of New York
Reg. No. 04SC6152068
Qualified in New York County
Commission Expires Aug. 23, 2014

_____
VANDYKE JOHNSON
1253 Leland Avenue
Apt 1C
Bronx, New York 10472

14

## CERTIFICATE OF SERVICE

By my signature above, I, Vandyke Johnson, Plaintiff Pro-Se, certify under the penalty and laws of the United States that a true and correct copy of the above and foregoing document,

**FIRST AMENDED CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**

has been mailed via priority on the following parties on this 10th day of October 2012 to:

Mr. Albert C. Buglione, Esq.,
De Yoe, Heissenbuttel & Buglione, L.L.C.
401 Hamburg Turnpike
Suite 206, P.O. Box 2449
Wayne, New Jersey, 07474-2449

OCT 1 0 2012
On this _____ day of October 2012

NOTARY PUBLIC

ANNA DONG
Notary Public, State of New York
Reg. No. 04DO6228919
Qualified in New York County
Commission Expires Sept. 27, 2014

respectfully submitted,

Vandyke Johnson
Plaintiff Pro-Se
1253 Leland Avenue
Bronx, New York, 10472
Apt 1C
(347) 714-1572