<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| VANDYKE JOHNSON,  : | |
| : | |
| : | |
| Plaintiff,  : | Civil Action No.  12-1042 (SRC) |
| : | |
| v.  : | **OPINION & ORDER** |
| : | |
| CITY OF UNION CITY, et al.,  : | |
| : | |
| Defendants.  : | |
| : | |
| : | |

---

<u>**CHESLER, U.S.D.J.**</u>

This matter comes before the Court on Plaintiff VanDyke Johnson's ("Plaintiff") motion for a preliminary injunction [docket entry #28] seeking to enjoin the enforcement of the Prevention of Domestic Violence Act of 1991, N.J.S.A. 2C:25-17 to 35 ("PDVA").  Defendants City of Union City, Union City Police Department of New Jersey, Police Officer John Hughes, Police Officer Octovio Orozco, and Sergeant Glenn Gaston (collectively "Defendants") have opposed the motion [docket entry #33].  The Court has considered the papers filed by the parties and has exercised its authority to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will deny the motion for a preliminary injunction.

**I.    FACTUAL BACKGROUND**

This case arises from Plaintiff's February 27, 2011, arrest on charges of assaulting his ex-wife.  Plaintiff argues that he was the *victim* – not the perpetrator – of domestic violence, and that

he was unjustly arrested and prosecuted by the Defendants in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.  The Complaint seeks compensatory and punitive damages.  Plaintiff now moves for a preliminary injunction to prohibit the enforcement of the PDVA, which, he argues, unconstitutionally discriminates against men and deprives them of the right to be free from unreasonable searches and seizures.

## II.   DISCUSSION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Fed. R. Civ. P. 65; Winter v. NRDC, Inc., 555 U.S. 7 (2008).  Injunctive relief is an extraordinary remedy, which should be granted only in limited circumstances.  Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) (citing United States v. City of Philadelphia, 644 F.2d 187, 191 (3d Cir. 1980)).  Thus, "a movant 'must demonstrate both a likelihood of success on the merits, and the probability of irreparable harm if relief is not granted.'"  Frank's GMC Truck Center, 847 F.2d at 102 (quoting Morton v. Beyer, 822 F.2d 364, 367 (3d Cir. 1987)).  A preliminary injunction cannot be granted where "either or both of these prerequisites are absent."  Id. (quoting In Re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)).

Plaintiff's motion for a preliminary injunction must be denied because he has not satisfied his burden of establishing either that he has a likelihood of success on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief.  "It has always been the rule that the movant bears the burden of persuasion to establish that the situation meets the standard

for a preliminary injunction, and must offer proof beyond the unverified allegations of the pleadings." Bascom Food Products Corp. v. Reese Finer Foods, Inc., 715 F. Supp. 616, 624 (D.N.J. 1989) (citing In re Arthur Treacher's Franchisee Litigation, 689 F.2d 1137 (3d Cir. 1982)).  Here, instead of providing proof that the standard for a preliminary injunction has been met, Plaintiff primarily relies on bald legal conclusions.  Where Plaintiff has provided evidence, most of it is irrelevant, and taken together, it fails to establish either that Plaintiff is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of an injunction.

For these reasons,

**IT IS** on this 19th day of November, 2012

**ORDERED** that Plaintiff's motion for a preliminary injunction [docket entry 5] be and hereby is **DENIED**.

   /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

3